UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD,<br><br>             Plaintiff,<br><br>      v.<br><br>JOHN ELLIS, et al.,<br><br>             Defendants. | No. 2:13-cv-0273 MCE AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.

6    In this case, plaintiff's complaint is over 260 pages long and has attached to it
7    hundreds of pages of exhibits.  The court has determined that the complaint does not contain a
8    short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the
9    Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
10   elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,
11   649 (9th Cir. 1984).  The court will, however, grant leave to file an amended complaint.

12   If plaintiff chooses to amend the complaint, plaintiff must set forth the
13   jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further,
14   plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of
15   plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must
16   allege in specific terms how each named defendant is involved.

17   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
18   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
19   amended complaint be complete in itself without reference to any prior pleading.  This is because,
20   as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay,
21   375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading
22   no longer serves any function in the case.  Therefore, in an amended complaint, as in an original
23   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24   In accordance with the above, IT IS HEREBY ORDERED that:
25   1. Plaintiff's application to proceed in forma pauperis is granted (ECF No. 2);
26   2. Plaintiff's motion for leave to file an amended complaint is denied as moot
27       (ECF No. 5);
28   3. Plaintiff's motion to allow late discovery is denied (ECF No. 4);

2

    4. Plaintiff's complaint is dismissed; and

    5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that **does not exceed 20 pages**.  The amended complaint shall comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 18, 2013

_allison Clare_
UNITED STATES MAGISTRATE JUDGE

/mb;todd0273.ifpgrant.lta