1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEREK TODD,                                  No.  2:13-cv-0273 MCE AC PS

12                   Plaintiff,

13           v.                                     ORDER AND

14    JOHN ELLIS, et al.,                           FINDINGS & RECOMMENDATIONS

15                   Defendants.

16

17           Plaintiff, proceeding in this action pro se, previously requested authority pursuant to 28

18    U.S.C. § 1915 to proceed in forma pauperis.  This request was granted on June 18, 2013.  At the

19    same time, plaintiff's complaint was dismissed pursuant to Federal Rule of Civil Procedure

20    8(a)(2) for failure to provide a short and plain statement of the dispute, and plaintiff was directed

21    to file an amended complaint no longer than 20 pages.  Plaintiff has now filed a first amended

22    complaint with hundreds of pages of exhibits and a motion for leave to amend.

23           The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24    action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26    § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                                  1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2  490 U.S. at 327.

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

6  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

8  this standard, the court must accept as true the allegations of the complaint in question, Hospital

9  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

10  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

11  McKeithen, 395 U.S. 411, 421 (1969).

12  A.    Allegations in First Amended Complaint

13      In the first amended complaint, plaintiff brings suit against a number of individuals

14  associated with an ongoing state court child custody proceeding: California Judge John Ellis,

15  attorney Elizabeth Anderson, Mediator Paul Landrum, Mediator Juanita Shoopman, Judicial

16  Performance Stephen Rockwell, and Court Clerk Crystal Williams (Archer).

17      Plaintiff contends that on July 21, 2010, Judge Ellis granted an ex parte order depriving

18  plaintiff of his custody rights to his son without holding a hearing.  First Am. Compl. ("FAC") at

19  2.  Using the ex parte court order, defendant Williams (Archer), the son's mother, picked up the

20  child with a police escort.  Id. at 3.

21      After plaintiff sought to have his custody rights reinstated, Judge Ellis ordered plaintiff

22  and Williams (Archer) to attend a mediation session with defendant Landrum.  FAC at 3.  After

23  the mediation, Landrum recommended that plaintiff's custody rights be terminated based on

24  Williams (Archer)'s allegedly baseless allegations that plaintiff suffered from a mental disorder

25  and that he abused the child.  Id.

26      On September 21, 2010, a hearing was held before Judge Ellis.  FAC at 3.  Plaintiff

27  accuses his attorney, Elizabeth Anderson, of refusing to plead for plaintiff's rights at this hearing,

28  of having illegal communication with Judge Ellis, and of deliberately violating California law.

2

1  Id. at 10-11.  Following the hearing, Judge Ellis adopted Landrum's recommendation.  Id. at 3.

2  Plaintiff thereafter sought to regain custody of his son multiple times, but each time Judge Ellis

3  denied plaintiff's requests.  See id. at 4-7.

4  In early January 2011, after plaintiff's son ran away from the home of Williams (Archer)

5  and returned to plaintiff, Judge Ellis ordered a second mediation session with defendant

6  Shoopman.  FAC at 4.  Shoopman, like Landrum, recommended that plaintiff's custody rights be

7  terminated, also due to allegations of a mental disorder and child abuse.  Id. at 5.  On March 21,

8  2011, Judge Ellis again deprived plaintiff of custody rights.  Id.  Following another request by

9  plaintiff to have his custody rights reinstated, Judge Ellis issued a five-year restraining order

10  against plaintiff forbidding any contact with his son.  Id.  Judge Ellis also denied plaintiff's

11  December 2011 request for visitation with his son on Christmas.  Id. at 7.

12  Prior to the child custody trial, Judge Ellis allegedly denied plaintiff's request to appear

13  telephonically, even though he had granted similar requests before.  FAC at 6.  Consequently,

14  plaintiff was not present at the trial.  Id.

15  Plaintiff filed numerous complaints against Judge Ellis with the Commission on Judicial

16  Performance.  FAC at 12.  Plaintiff accuses defendant Rockwell of conspiring with Judge Ellis

17  and Williams (Archer) to deprive plaintiff of his rights.  Id.

18  B.     Plaintiff's Claims and Relief Sought

19  Plaintiff brings suit for violations of multiple state laws in connection with the child

20  custody hearings under the guise of an Equal Protection violation pursuant to the Fourteenth

21  Amendment and a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

22  Plaintiff also accuses Judge Ellis of violating his due process rights by issuing an ex parte court

23  order and by denying plaintiff's request to appear telephonically at the child custody hearing.

24  Additionally, he accuses Judge Ellis of conspiring with Landrum, Shoopman, Anderson and

25  Williams (Archer) to deprive plaintiff of his custody rights.  Moreover, he accuses Judge Ellis of

26  conspiring with Williams (Archer) to deny plaintiff of "his 2nd Amendment rights right to bear

27  arms because the Plaintiff was disabled."  Lastly, plaintiff accuses Judge Ellis of violating

28  plaintiff's First Amendment right to exercise his religion when he denied plaintiff visitation with

3

1     his son on Christmas in 2011.  Plaintiff seeks damages and injunctive relief.

2     C.      Discussion

3         1.      Claims Against Judge Ellis

4         Insofar as plaintiff seeks damages from Judge Ellis, the Court finds this defendant to be

5 absolutely immune from liability.  "Judges are immune from damage actions for judicial acts

6 taken within the jurisdiction of their courts . . .  Judicial immunity applies however erroneous the

7 act may have been, and however injurious in its consequences it may have proved to the

8 plaintiff."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  A judge can lose his or her

9 immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error

10 or acts that are performed in excess of a judge's authority (which remain absolutely immune)

11 from those acts taken in clear absence of jurisdiction.  Mireles v. Waco, 502 U.S. 9, 12-13 (1991)

12 ("If judicial immunity means anything, it means that a judge will not be deprived of immunity

13 because the action he took was in error . . . or was in excess of his authority.")  Thus, for example,

14 in a case where a judge actually ordered the seizure of an individual by means of excessive force,

15 an act clearly in excess of his legal authority, he remained immune because the order was given in

16 his capacity as a judge and not with the clear absence of jurisdiction.  Id.; see also Ashelman, 793

17 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of all jurisdiction . . . or

18 performs an act that is not judicial in nature.")

19         Here, the actions plaintiff complains of are clearly judicial acts.  Furthermore, even

20 assuming *arguendo* that this defendant somehow erred or acted in excess of his authority, he did

21 not act in clear absence of jurisdiction when he issued an ex parte order or denied plaintiff's

22 request to appear telephonically at a trial.  Accordingly, Judge Ellis is immune from liability for

23 damages.

24         As to plaintiff's claim for injunctive relief, the Court finds that it would be inappropriate

25 for a federal court to interfere in this family law matter, which plaintiff states remains ongoing

26 and active in state court.  See e.g., Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse

27 of discretion in district court's abstention from hearing § 1983 claims arising from a child custody

28 dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (upholding

1   abstention by district court in dispute involving father's visitation rights).

2          2.      <u>Claims Against Mediators</u>

3          Turning next to plaintiff's claims against Landrum and Shoopman, "[j]udicial immunity is

4   not limited to judges.  All those who perform judge-like functions are immune from civil

5   damages liability."  <u>Ryan v. Bilby</u>, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985); <u>see also</u> <u>Wagshal v.

6   Foster</u>, 28 F.3d 1249, 1252-54 (D.C. Cir. 1994) (holding that mediator for court's alternative

7   dispute resolution program enjoyed absolute quasi-judicial immunity to damages claims for

8   actions taken within the scope of official duties); <u>Putman v. State Bar of California</u>, 2010 WL

9   3070435, at *7 (C.D. Cal. June 25, 2010) (noting that absolute quasi-judicial immunity is

10  "properly extended to neutral third-parties for their conduct in performing dispute resolution

11  services which are connected to the judicial process and involve either (1) the making of binding

12  decisions, (2) the making of findings or recommendations to the court or (3) the arbitration,

13  mediation, conciliation, evaluation or other similar resolution of pending disputes") (not reported

14  in official reporter).

15         The Ninth Circuit has held that arbitrators acting within the scope of their authority are

16  immune from civil suit.  <u>Sacks v. Dietrich</u>, 663 F.3d 1065 (9th Cir. 2011).  In an unpublished, but

17  citable decision, the Ninth Circuit applied the arbitral immunity to mediators.  <u>Davenport v.

18  Winley</u>, 314 Fed. Appx. 982 (9th Cir. 2009) (dismissing § 1983 claim against a mediator based

19  on immunity).  There is no meaningful distinction between a mediator and an arbitrator for

20  purposes of immunity.

21         In the first amended complaint, plaintiff claims that Landrum and Shoopman acted as

22  mediators in order to prepare a report making a recommendation regarding custody and visitation.

23  These defendants were clearly acting pursuant to a court order, and their recommendations were

24  integrally connected with the judicial process and within the scope of their duties.  Thus,

25  plaintiff's claims against Landrum and Shoopman[1] must also be dismissed.

26  _____

[1] Plaintiff has previously attempted to bring suit against these two defendants based on the same
27  set of facts.  <u>See</u> <u>Todd v. Shoopman et al.</u>, 2:12-cv-1768-JAM-GGH; <u>Todd v. Landrum et al.</u>,
    2:12-cv-1770-LKK-JKN.  The magistrate judges in the earlier cases both recommended dismissal
28  (continued…)

5

1         3.      Claims Against "Judicial Performance" Stephen Rockwell

2         Plaintiff's allegations against Stephen Rockwell are too factually sparse to state a claim.

3    Other than accusing Rockwell in a conclusory fashion of conspiring with other defendants to

4    violate plaintiff's rights, plaintiff has proffered no facts that would support a claim.

5         4.      Claims Against Elizabeth Anderson

6         Plaintiff's claims against Elizabeth Anderson also fail.  Generally, he accuses this

7    defendant of refusing to plead for plaintiff's rights at a hearing, of having illegal communication

8    with Judge Ellis, and of deliberately violating California law.  Without more, these bare

9    allegations do not state a claim.

10        5.      Claims Against Crystal Williams (Archer)

11        Finally, plaintiff's first amended complaint names Crystal Williams (Archer), his son's

12   mother, as a real party in interest.  To the extent plaintiff attempts to assert a claim under 42

13   U.S.C. § 1983 against Williams (Archer), that claim should also be dismissed because plaintiff

14   cannot plausibly allege that Williams (Archer) is a state actor.  Ball v. Rodgers, 492 F.3d 1094,

15   1103 (9th Cir. 2007); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To

16   state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

17   by the Constitution or laws of the United States was violated, and (2) that the alleged violation

18   was committed by a person acting under the color of State law.") (emphasis added).  Furthermore,

19   an ADA claim under 42 U.S.C. § 12132, which relates to public entity disability discrimination,

20   is not viable against Williams (Archer).

21        Based on the foregoing, the Court finds that plaintiff's first amended complaint must be

22   dismissed.  The Court also notes that this pleading appears to be one of several frivolous

23   complaints that plaintiff has filed in this court.  See Todd v. Canby, 2:13-cv-1018 GEB AC

24   (examining plaintiff's filings in the Eastern District of California since 2011).  Recently, plaintiff

25   was declared a vexatious litigant in this district.  See id., ECF No. 5.  In light of plaintiff's

26   
27   of plaintiff's complaints with prejudice based on the same grounds that the Court finds dismissal
     warranted here.  In both actions, the magistrate judges' recommendations were adopted in full
     and judgment entered accordingly.

28

1  allegations in the instant case, as well as his history of filing frivolous actions containing many of

2  the same allegations and his status as a vexatious litigant, the Court will recommend that this

3  action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  Noll v. Carlson,

4  809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to

5  amend, leave to amend should not be granted where it appears amendment would be futile).

6         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend the pleading

7  (ECF No. 9) is denied; and

8         IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

9         These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.   The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: July 1, 2014

18

19                                      ALLISON CLAIRE
                                        UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

                                               7